UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN THOMAS ENTLER,

    Petitioner,

v.

ERIC JACKSON,

    Respondent.

CASE NO. 3:21-CV-5357-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: December 10, 2021

    The District Court has referred this action to United States Magistrate Judge David W. Christel. On May 12, 2021, Petitioner John Thomas Entler filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, challenging his 1994 Cowlitz County judgment and sentence. Dkt. 1, 6. After review of the relevant record, the Court concludes the Petition is second or successive. Therefore, the Court recommends the Petition be dismissed without prejudice.

**I.  Background**

    In 1994, Petitioner was convicted in the Cowlitz County Superior Court of one count of murder in the first degree, one count of kidnapping in the first degree, one count of rape in the first degree, and one count of residential burglary. Dkt. 11-1 at 16-25 (Exhibit 2). In 2001,

Petitioner filed a habeas petition ("First Petition") in this Court seeking relief from the 1994 state judgement and sentence. *See* Dkt. 11-3 at 133-35 (Exhibit 20); *see also Entler v. Miller-Stout*, 3:01-cv-5231-RJB[1]. The Court considered the First Petition on the merits, denied the First Petition, and dismissed that case with prejudice. Dkt. 11-3 at 133-35.

Petitioner now files the current Petition ("Second Petition") alleging his convictions and sentences for kidnapping and rape violate the Double Jeopardy Clause of the Fifth Amendment. Dkt. 6. The Court ordered service of the Second Petition on Respondent Eric Jackson. Dkt. 7. On September 10, 2021, Respondent filed an Answer and Memorandum of Authorities and relevant state court records. Dkt. 10, 11. In the Answer, Respondent contends this case should be dismissed because it is successive. Dkt. 10. Petitioner filed a Response to the Answer on September 29, 2021, and, on October 8, 2021, Respondent filed a Reply. Dkt. 12, 13.

**II. Discussion**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 Fed. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990)). The Ninth Circuit also states "[a] habeas

---

[1] Petitioner also filed a federal habeas petition in 1998. *See Entler v. Lambert*, 3:98-cv-5524-RJB. This petition was dismissed without prejudice and, therefore, is not relevant to this Court's discussion. *See id.* at Docket Entry 22, 24.

REPORT AND RECOMMENDATION - 2

petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb*, 576 F.3d at 1029.

Petitioner filed his First Petition challenging the same 1994 Cowlitz County judgment and sentence challenged in the Second Petition. The court denied the First Petition "on the merits," finding the claims in the First Petition were either procedurally barred or without merit. *See* Dkt. 11-3 at 133-35. Further, in the Second Petition, Petitioner alleges his convictions and sentences for kidnapping and rape violate the Double Jeopardy Clause of the Fifth Amendment. Dkt. 6. Petitioner was or could have been aware of the factual predicate of the sole ground raised in the Second Petition when his conviction became final and could have raised this additional claim in his First Petition. The claim in the Second Petition, therefore, could have been adjudicated on the merits in the First Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (finding a claim was "second or successive" when the petitioner was aware of the factual predicate of the claim and could have raised the claim in his first petition). Thus, it appears the Second Petition is successive.

Petitioner asserts his Second Petition is not successive because there was a new, intervening judgment and sentence in 2020. Dkt. 6, 12. Respondent contends the Second Petition is successive because the 2020 judgment was ministerial and does not constitute a new, intervening judgment. Dkt. 10, 13.

In *Magwood v. Patterson*, 561 U.S. 320 (2010), the Supreme Court held that a second-in-time habeas petition challenging a judgment imposed following resentencing did not constitute a second or successive application where the first habeas petition was filed prior to the resentencing and challenged the original judgment. *Magwood*, 561 U.S. at 339. The Ninth Circuit, applying *Magwood*, held that the latter of two petitions is not "second or successive" if

there is a "new judgment intervening between the two habeas petitions," even if the second petition effectively challenges unamended portions of the judgment. *Wentzell v. Neven*, 674 F.3d 1124, 1126-28 (9th Cir. 2012). To determine whether a change in a state criminal sentence creates a "new judgment," the Ninth Circuit directs District Courts to look to the applicable state law. *Colbert v. Haynes*, 954 F.3d 1232, 1236 (9th Cir. 2020). Critical to this inquiry is whether the state court action "replaces an invalid sentence with a valid one." *Id.* Because invalidity is a linch-pin, the Court in *Colbert*, after examining what constitutes an invalid sentence under Washington law, stated that "in Washington, only sentencing errors stemming from a trial court exceeding its statutory authority render a sentence judgment invalid." (citation omitted). *Id.*

In this case, Petitioner was sentenced on April 4, 1994 to 900 months of total confinement as follows: 900 months confinement for first degree felony murder; 171 months confinement for first degree kidnapping; 245 months confinement for first degree rape; and 84 months for residential burglary. Dkt. 11-1 at 20 (Exhibit 2). On June 3, 2020, the Washington State Supreme Court ("state supreme court") found Petitioner's rape and kidnapping convictions merged into his felony murder conviction for double jeopardy purposes. Dkt. 11-3 at 27 (Exhibit 12). The state supreme court remanded the case to Cowlitz County Superior Court "for vacation or the rape and kidnapping convictions and resentencing." *Id*.

On August 5, 2020, the Cowlitz County Superior Court entered an "Order Modifying Judgment and Sentence in Accordance with Order of the Supreme Court of Washington, Dated 06/03/2020" ("Order Modifying Judgment and Sentence"). Dkt. 11-2 at 31-32 (Exhibit 14). The Order Modifying Judgment and Sentence states,

> The Judgment and Sentence entered on April 4, 1994, shall be modified as to paragraph 2.1 in accordance with the Order of the Supreme Court of Washington, dated 06/03/2020.

> In accordance with the Order of the Supreme Court of Washington, dated 06/03/2020, Count II -Kidnapping in the First Degree and Count III – Rape in the First Degree are hereby vacated.
>
> The remainder of the judgment and sentence remains in full effect.

*Id*. Petitioner did not appear for a resentencing hearing. *See* Dkt. 11-3 at 126.

The Court finds the Order Modifying Judgment and Sentence to be a ministerial act and is not a new, intervening judgment. Petitioner's lesser-included offenses were vacated and the greater offense and sentence remained intact. His sentence did not change. In *In re Lampton,* 667 F.3d 585 (5th Cir.2012), the Fifth Circuit addressed the issue of correcting a sentence for a double jeopardy violation and determined that a subsequent 28 U.S.C. § 2255 petition was second or successive. The Fifth Circuit reasoned that the conviction and sentence for the greater offense as well as the judgment imposing the sentences remained undisturbed. *Id*. at 588. In other words, *Lampton* found dismissing convictions that merged with a greater offense to correct a double jeopardy issue did not create a new sentence. Further, under Washington State law, "if the trial court simply corrects the original judgment and sentence, it is the original judgment and sentence entered by the original trial court that controls the defendant's conviction and term of incarceration." *State v. Kilgore*, 167 Wash. 2d 28, 40–41, 216 P.3d 393, 399 (2009).

The Court finds *Lampton* and *Kilgore* informative and persuasive. While the Order Modifying Judgment and Sentence vacated two of Petitioner's convictions, the convictions were vacated because they were lesser-included offenses and Petitioner's sentence did not change. The state court record indicates Petitioner's 1994 judgment and sentence continues to control his term of incarceration. Therefore, the Court finds the 2020 Order Modifying Judgment and Sentence is not a new, intervening judgment that would render the Second Petition not successive.

Petitioner's First Petition was denied on the merits and Petitioner was or could have been aware of the claim asserted in the Second Petition prior to filing the First Petition. Further, the 2020 Order Modifying Judgment and Sentence does not constitute a new, intervening judgment. Therefore, the Second Petition is "second or successive."

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). A district court lacks jurisdiction to consider a second or successive petition in the absence of an order from the Ninth Circuit authorizing the district court to consider the petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Here, there is no evidence Petitioner has received an order from the Ninth Circuit authorizing this Court to consider the Second Petition. Thus, the Court lacks jurisdiction to consider the Second Petition and it should be dismissed without prejudice. *See Magwood*, 561 U.S. at 331; *Cooper*, 274 F.3d at 1274.

### III. Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the Second Petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Second Petition.

### IV. Conclusion

For the above stated reasons, the Court recommends the Petition (Dkt. 6) be dismissed without prejudice and a certificate of appealability not be issued. As the Court finds a certificate of appealability should not be issued and that the petition should not proceed further, the Court recommends any request for *in forma pauperis* on appeal be denied.

If Petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on December 10, 2021, as noted in the caption.

Dated this 24th day of November, 2021.

David W. Christel
United States Magistrate Judge